**UNITED STATES DISTRICT COURT**
**OF THE NORTHERN DISTRICT OF ILLINOIS**

01C 6638

JUDGE MANNING

| | |
|---|---|
| HAIYING HE on his own behalf and on behalf of (the estate of) his SISTER, HAIYAN HE<br><br>Plaintiff,<br><br>v.<br><br>Zhou Yongkang<br><br>Defendant | COMPLAINT FOR DISAPPEARANCE, TORTURE, AND OTHER CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT, ARBITRARY DETENTION, CRIMES AGAINST HUMANITY, VIOLATION OF THE RIGHT TO LIFE, LIBERTY SECURITY OF PERSON, PEACEFUL ASSEMBLY AND ASSOCIATION, ASSAULT AND BATTERY, FALSE IMPRISONMENT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**MAGISTRATE JUDGE SCHENKIER**<br><br>JURY TRIAL DEMANDED |

FILED-E04 AUG 27

DOCKETED
AUG 2 9 2001

Plaintiff alleges for his complaint against defendant Zhou Yongkang, as follows:

<u>PRELIMINARY STATEMENT</u>

1.    Plaintiff is a practitioner of Falun Gong, a spiritual practice founded by Mr. Li Hongzhui, which has a broad base of appeal among citizens in all walks of life in China today. As a direct result of their participation in the practices and activities of Falun Gong, the plaintiffs have been arbitrarily detained and subjected to cruel and inhuman treatment, and torture. Some have been brutally murdered, other have disappeared.  Plaintiff seeks compensatory and punitive damages for the defendant's crimes against humanity, including the arbitrary detention, savage beatings resulting not only in life threatening injuries but disappearance, other forms of torture, and other torts, committed in Sichuan  Province in the People's Republic of China by individuals acting in concert with and under the authority of Zhou Yongkang, the General Secretary of the Provincial Committee of the Chinese Communist Party (CCP) of Sichuan

2.    Plaintiff seek damages for torture and other violations of customary international law, law of the United States, the laws of the State of Illinois, and the laws of China.

3.     Defendant Zhou Yongkang is responsible for the acts against plaintiff and Ms. Haiyan. He, who has been arbitrarily detained, tortured, and subjected to other gross human rights abuses as a deliberate policy to persecute the entire population of Falun Gong practitioners. This has occurred in Sichuan province as well in all provinces and cities across China - in violation of customary international law, the laws of the United States, the laws of Illinois and the laws of China.

## JURISDICTION AND VENUE

4.     This court has jurisdiction under the Torture Victim Protection Act, Pub.L. No.102-256, 106 Stat. 78 (1992); the Alien Tort Claims Act, 28 U.S.C. § 1350; 28 U.S.C. § 1331; and the principles of supplemental jurisdiction. The Torture Victim Protection Act provides federal jurisdiction for acts of torture and summary execution, no matter where committed. The Alien Tort Claims Act provides federal jurisdiction for "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Plaintiffs' causes of action arise under, among others, the following laws, agreements, resolutions and treaties:

(a)     Customary international law;

(b)     United nations Charter, 59 Stat. 1031, 3 Bevans 1153 (1945);

(c)     Universal Declaration of Human Rights, G.A. Res. 217A(iii), U.N. Doc. A/810 (1948);

(d)     International Covenant on Civil and Political Rights, G.A. Res. 2220A(xxi), 21 UN Doc., GAOR Supp. (No. 16) at 52, UN Doc. A/6316 (1966).

(e)     The Charter of the International Military Tribunal, Nuremberg, of 8 August 1945, confirmed by G.A. RES. 3, U.S. Doc. A/50(1946) and G.A. Res. 95, U.N.Doc A/236 (1946).

(f)     The Convention on the Non-Applicability of Statutory Limitations to War Crimes and Crimes Against Humanity, adopted Nov. 26, 1968, 754 U.N.T.S. 73 (entered into force Nov. 11, 1970).

(g)     Principles of International Co-Operation in the Detection, Arrest, Extradition and Punishment of Persons Guilty of War Crimes and Crimes Against Humanity, GA Res. 3074, US GAOR, 28th Sess., Supp. No. 30A, at 78, UN Doc. A/9030 (1973).

(h)     Federal common law of the United States of America;

(i)     Laws of the State of Illinois, including but not limited to common law principles of assault and battery, intentional infliction of emotional distress and respondeat superior; and

(j)     Law of the People's Republic of China.

5.     The United States District Court for Chicago is the proper venue of this action pursuant to 28 U.S.C. § 1391 (granting venue to judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced).

## PARTIES

6.     Defendant Yongkang is a citizen of the People's Republic of China. At all times relevant to this complaint, defendant Yongkang has been the General Secretary of the Provincial Committee of the Chinese Communist Party Committee (CPC) in Sichuan province. As the General Secretary of the Provincial Committee of the CPC in Sichuan province, defendant Yongkang in concert with his committee holds the power to not only formulate all important provincial policies and policy decisions, but also to remove, award and punish all high level officials of the provincial government. This includes but is not limited to high level officials of the judicial and executive branches. See section Nine, Part Two of the "Central Committee of the Chinese Communist Party's Decisions (CCCCP's Decisions)," enacted at the 4th session of the 14th Central Communist Party National Congress on September 28, 1994. Section Nineteen, Part

II of the "CCCCP'S Decisions," additionally delegates to Provincial Committee of the Chinese Communist Party control over the decisions and instructions of all high-level provincial government officials. This includes, inter alia, annulling and/or altering inappropriate orders, directives, and regulations issued by the heads of the public security bureau, detention center, hospitals, and other local organs of the provincial administration at various levels. Defendant Yongkang clearly supervises and authorizes the ongoing injury against plaintiff and her family.

7.      Defendant Yongkang cannot justify or defend his participation in the persecution of Falun Gong by shifting the blame to his superiors. The Preamble to the Constitution of the People's Republic of China requires that all government officials perform their official roles and duties in conformity with the Constitution, laws, and regulations of the People's Republic of China. Article Four, Chapter One of the Charter of the Chinese Communist Party (amended at 15th National Congress of the Central Communist Party) more explicitly gives all members of the communist party the right to criticize and report the unlawful behavior of other officials. This same section further gives them the right to request the punishment and removal of all officials who misbehave. As a high ranking official of the Communist Party Committee and as a member of the Communist Party, defendant Yongkang has not only a legal and moral obligation to stop the programmatic persecution of Falun Gong. Defendant Yongkang also has the right to do so notwithstanding the contrary orders of his superiors.

8.      Plaintiff Haiying He is a citizen of the People's Republic of China. He is also a practitioner of Falun Gong. He now resides in the United States as a green card holder. He sues on behalf of himself and on behalf of the (estate of) his sister, Haiyan He.

9.      Haiyan He is the sister of Haiyang He. She has been a citizen of the People's Republic of China all her life. She has also been a devoted practitioner of Falun Gong. She resided in the

-4-

People's Republic of China where she was detained arbitrarily in October of 2000, for the lawful exercise of her constitutional right to freedom of religious belief, freedom of association, and freedom of speech. For her expression of her constitutional rights, she was detained for one and one half months in detention center in Sichong City of the province of Sichuan.

10. In February of 2001, Haiyan He was against arrested -- this time because she refused to relinquish her constitutional right to appeal her government's unlawful persecution of Falun Gong. After her unlawful and arbitrary arrest, she was send to the Nannu Female Labor Camp of Sichuan Province where she indubitably endured torture, unlawful and painful police interrogations, other forms of cruel, inhuman, and degrading treatment. In June of 2001, Haiyan He disappeared. Her family's attempts to locate her have been fruitless. In spite of frequent calls to the authorities, they have been unable to locate her or even ascertain whether or not she is still alive.

## STATEMENT OF FACTS

11. In July 1999 President Jiang Zemin (declared that Falun Gong was an illegal organization) notwithstanding the fact that only the National People's Congress has the ability to declare an organization illegal. Notwithstanding the fact that the President does not possess such powers, this (albeit unlawful) unlawful executive order initiated the widespread governmental crackdown against Falun Gong.

12. In October, 1999, three months after the crackdown had begun and long after President Jiang Zemin's illegal directives had been thrust upon government workers for implementation, the People's Congress adopted a "decision" to legitimize the crackdown by the retroactive passage of a series of laws targeting "evil cults."

13.     Sichuan Province has been the focal point for some of the most brutal acts of torture and persecution. As the General Secretary of the Provincial Committee of the CCP of Sichuan province, defendant Yongkang has in concert with other communist party officials directed, supervised, and endorsed the campaign to eliminate the Falun Gong spiritual movement in Sichuan province. Notwithstanding his authority to annul and alter inappropriate orders, he has permitted the Sichuan police force to arbitrarily arrest Falun Gong practitioners who have refused to relinquish their spiritual beliefs. The Sichuan police force – in police precincts and detention centers, continue to use, inter alia, belts, shoes, and bats to assault and intimidate those whom they arrest.  In some police precincts and detention centers in Sichuan, the officers continue to use other - especially cruel and sadistic - inmates to beat Falun Gong practitioners - almost but not quite to death. They have also used electric clubs, electric needles, shackles, starvation, and other forms of humiliation to terrorize practitioners and in many instances, to force practitioners to confess to crimes they did not commit.  Notwithstanding his authority to annul and alter inappropriate orders, he has permitted the Sichuan judicial administration to arbitrarily arrest, detain, and imprison disciples of Falun Gong including Ms. Haiyan He.. .

14.     As the General Secretary of the Provincial Committee of the CCP in Sichuan Province, the defendant has been one of the key architects of the programmatic elimination of Falun Gong in Sichuan province. This program involved the brutal torture of selected individual, often conducted in public so as to instill fear in the survivors and their families. All of these activities involve a catastrophic and enormous loss of lives, the loss of jobs, the disappearance of selected individuals; brutal torture, often conducted in police stations to extract false confessions; the systematic breakdown of the family by means of forced divorcee and separations, the disruption of civil society.  In addition to subjecting innocent citizens with arbitrary arrests and detentions,

cruel and inhuman treatment, torture, disappearance and death, this campaign is a breach of a number of international agreements to which China is a signatory. government of Sichuan, notwithstanding

15.    Notwithstanding the complicity of the judicial, executive and legislative branches of the Sichuan provincial government in the inhumane and unlawful persecution of innocent practitioners of Falun Gong, defendant Zhou Yingkang has permitted the ongoing persecution of Falun Gong disciples in his province. Notwithstanding the defendant's duty to oversee the directives of all provincial government officials, and to criticize and punish their unlawful behaviors, defendant Yingkang has permitted these atrocities to continue to be perpetrated against disciples of Falun Gong in his province.  Notwithstanding the defendant's duty to comport his own behavior to the rule of law, defendant Yongkang has not only permitted these abuses to continue, he has endorsed, authorized, and supported them.

16.    Age is no protection from the calculated atrocities. Elderly persons have been tortured as have the very young

17.    Reputable international human rights organizations, including Amnesty International, have investigated the selective murders, torture and other atrocities inflicted upon the Falun Gong in Hubei province and elsewhere in China. They have concluded that all branches of local and central governments of the People's Republic of China have amassed a virtual war upon the Falun Gong - treating them as no civilized person would dare to treat even his worst enemy.

18.    Haiyan He was born in the city of Huili on September 4, 1967. If she is still alive today, she is 32 years of age.  She was a primary school teacher at the Tong Lin Primary School in Sichang City of the province of Sichuan. She was well liked by her students and considered to be one of the better teachers by her peers.  However, under pressure from the city and provincial

government, she was forced to quit her job. This occurred because she refused to relinquish her constitutional right to choose to practice Falun Gong.

17.     What Haiyan He endured is fairly typical of the experience of most disciples of Falun Gong who refuse to relinquish their personal religious beliefs.  In compliance with the policy established by the defendant and other high level officials of the communist party, the Sichang local police unlawfully and arbitrarily arrested her. Prior to their arbitrary arrest of Haiyan He, the Sichang local police followed her for four months, harassing her, her brother, Haiying He, and the rest of her family, although she had committed no crime. When she was with her father visiting her family in the city of Chongqing, the Sichang police, who had been following her, arrested her although she had committed no crime. She was not provided with notice of the charges or any other documentation required by Chinese law. Nor was she not permitted to exercise her constitutional right to hire an attorney. Under direction of the heads of the public security bureau, and other local organs of the provincial administration at various levels, Haiyan He has been subjected her to an array of human rights abuses and violations.  Inter alia, the police -- without any lawful reason or justification -- sent Haiyan He to a house of detention for one and one-half months. There, she was forced (under threat of severe torture) to sign a guarantee letter -- a letter stating she would never again practice Falun Gong.

19.     After her release, Ms.He was arrested again. This time she was arrested for not relinquishing her constitutional right to appeal her government's unlawful persecution of Falun Gong. This time she was sent directly to a labor camp -- again without notice of the charges filed against her and/or an attorney to represent her.  Upon information and belief, she has been subjected to the usual treatment reserved for disciples of Falun Gong -- including but not limited to severe beatings, deprivation of adequate sleep, food, and warmth. It is also likely that she has

been subjected to any one of an array of hundreds of forms of torture explicitly used in these camps. These include: squatting on the tiger bench, forcing and pushing a person like a jet, stripping, forcing to smell feces, pouring ice water onto the body in bitter winter, breaking nose, breaking teeth, breaking vertebra, using electric baton, using crab-stick, using strap to torture, hitting in private parts, genital burning. Notwithstanding laws against forced interrogation, retaliatory treatment, and torture in prisons, no one from the public security bureau, no one from the justice administration, no one – not even the defendant – has done anything whatsoever to stop the brutal persecution of the plaintiff's sister and the other practitioners of Falun Gong.

20.     Since June of 2001, there has been no word of her whereabouts. Her family is convinced she has been executed. But they have not been permitted to view the body or learn any details of her current situation

21.     Upon information and belief, the disappearance of plaintiff's sister, and the cruel, inhuman or degrading treatment she endured were pursuant to the programmatic persecution of Falun Gong disciples in Sichuan province under the approval, permission, and authorization of defendant Yongkang in concert with other high ranking government officials.


## GENERAL ALLEGATIONS

22.     The acts described herein were inflicted under color of law and under color of official authority, and were inflicted deliberately and intentionally.

23.     The acts and injuries to plaintiff and next-of- kin described herein were part of a pattern and practice of systematic human rights violations not only supported and endorsed but also authorized by the defendant.

24.     Defendant by implication also knew of the above-described actions of his administrative agencies, officials, and personnel; and yet failed to prevent or punish said actions.

25.     At all times relevant hereto, on information and belief, the executive and judicial branches of government, the police units and officers, and other officials of other agency units of Sichuan province acted in concert with, at the request of and/or under the direct authority and supervision of Defendant.

26.     A proceeding in the People's Republic of China for these claims in not possible. The Chinese judiciary has never resolved a case of abuse filed by civilians against their government. A well-respected Hong Kong Attorney, was arrested for filing a suit against the Chinese government for the above referenced offenses. He has since disappeared. The Chinese government has issued an ordinance prohibiting attorneys from any legal advocacy on behalf of practitioners.  A suit in Chinese courts would be futile and could result in serious reprisals against those raising the allegations as well as their attorneys.


SPECIFIC ALLEGATIONS

FIRST CLAIM FOR RELIEF

Disappearance

27.     The allegations set forth in paragraphs 1 through 24 of this complaint are realleged and incorporated by reference as if fully set forth herein

28.     Defendant, upon information and belief, arbitrarily and without justification allowed, permitted, and perhaps also ordered the programmatic persecution of Falun Gong disciples in Sichuan province, which includes the disappearance of plaintiff's sister, Haiyan He.

29.     These acts were carried out under color of official authority for purposes other than lawful punishment pursuant to a connection in accordance with due process of law.

30.     The acts described herein constitute disappearance - in violation of customary international law, 28 U.S.C. section 1350, the common law of the United States, the statutes and common law of the state of Illinois, the laws of the People's Republic of China. These acts further violate international treaties, agreements, conventions and resolutions described in paragraph 4 herein.

31.     As a result of the disappearance described above, Mr. Haiying He and his sister have been damaged in an amount to be proven at trial but which is in excess of $5,000,000 for Ms. Haiyan He and her brother. .

32.     Defendant's acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $10,000,000 for each plaintiff and next of kin.


## SECOND CLAIM FOR RELIEF

### Torture

33.     The allegations set forth in paragraphs 1 through 24 of this complaint are re-alleged and incorporated by reference as if fully set forth herein.

34.     The acts described herein-placed Mr. He and his sister in great fear for the life of Haiyan He and caused them to suffer severe physical and mental pain and suffering.

35.     The acts described herein were inflicted deliberately and intentionally for purposes that include, among others, obtaining information or a confession, punishing the victim, or intimidating the victim or a third person.

36.     The acts described herein constitute torture in violation of customary international law, 28 U.S.C. section 1350, the common law of the United States, the statutes and common law of the state of Illinois, the laws of the People's Republic of China, and international treaties, agreements, conventions and resolutions described in paragraph 4 herein.

37.     As a result of the torture described above, Ms. Haiyan He and her brother, have been damaged in an amount to be proven at trial but which is in excess of $2,000,000 for the plaintiff and his sister.

38.     Defendant's acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $5,000,000 for the plaintiff and his sister. .

THIRD CLAIM FOR RELIEF

Cruel, Inhuman, or Degrading Treatment

39.     The allegations set forth in paragraphs 1 through 24 of this complaint are realleged and incorporated by reference as if fully set forth herein.

40.     The acts described herein had the intent and effect of grossly humiliating and debasing the Haiyan He and her brother, especially but not only by forcing Haiyan He to act against her will and conscience, inciting fear and anguish, breaking physical and moral resistance. These acts have been in violation of customary international law, 28 U.S.C. section 1350, the common law of the United States, the common law and statues of Illinois, the laws of the People's Republic of China, and the international treaties, agreements, conventions and resolutions described in paragraph 4 herein.

41.     As a result of defendant's authorization and active endorsement of the program of persecution against plaintiff's sister, Ms.He and her family were forced to suffer severe physical

and psychological abuse and agony. As a result of the cruel, inhuman or degrading treatment described above, Haiying He and his sister have been damaged in an amount to be proven at trial but which is in excess of $1,000,000.

42.     Defendant's acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $5,000,000 for each Haiying He and his sister.

### FOURTH CLAIM FOR RELIEF

Arbitrary Arrest and Detention

43.     The allegations set forth in paragraphs 1 through 24 of this complaint are realleged and incorporated by reference as if fully set forth herein.

44.     Defendant's arbitrary detention of Haiyan He was illegal and unjust.  Defendant has allowed Haiyan He – and other similarly situated disciples of Falun Gong - to be detained without a warrant, probable cause, articulable suspicion, or notices of charges; and more generally failed to comply with lawful appropriate police legal rules and procedure.

45.     Defendant's acts constitute arbitrary detention in violation of customary international law, 28 U.S.C. section 1350, the common law of the United States, the common law and statutes of Illinois, the laws of the People's Republic of China, and the international treaties, agreements, conventions and resolutions described in paragraph 4 herein.

46.     As a result of the acts of defendant, in concert with other high level government officials, Haiyan He and her brother have been placed in great fear for their lives. Ms He was deprived of her freedom.  She was torn from her family. All members of the family were forced to experience severe physical and psychological abuse and agony. As a result of the arbitrary detentions described above, Haiyan He and her brother have been damaged in an amount to be proven at trial but which is in excess of $1,000,000.00

47.     Defendant's acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $5,000,000 for plaintiff and his sister.

## FIFTH CLAIM FOR RELIEF

### (Crimes against Humanity)

The allegations set forth in paragraphs 1 through 24 of this complaint are realleged and incorporated by reference as if fully set forth herein.

48.     Defendant's human rights abuses against plaintiffs --including torture, beatings, and other assaults--was neither random nor occasional but widespread and/or systematic.  These acts occurred under the direction, encouragement or acquiescence of defendants.

49.     The acts described herein constitute crimes against humanity, in violation of the laws described in paragraph 4.  Customary international law prohibits inhumane acts of a very serious nature such as willful torture, disappearance, and other inhumane acts committed as part of a widespread or systematic attack against any civilian population or persecutions on political, racial or religious grounds.

48.   . Leaders, organizers, instigators and accomplices participating in the formulation of these acts are responsible for all acts performed by any person in execution of such plan.

## SIXTH CLAIM FOR RELIEF

### Life, Liberty and Security of Person and Peaceful Assembly and Association

49.     The allegations set forth in paragraphs 1 through 24 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

-14-

50.     The arrest and detention, and cruel, inhuman or degrading treatment of the plaintiff and his sister deprived her of her rights to liberty and security of person and peaceful assembly and association for which defendant may be held liable.

51.     The wrongful acts described herein violated and deprived Ms. Haiyan He of her right to life, liberty and security of person, and to peaceful assembly and association. This is in violation of the Alien Tort Claims Act, customary international law, the common law of the United States, the statutes and common law of Illinois and the international treaties, agreements, conventions and resolutions described in paragraph 4 herein.

52.     Defendant is liable for said conduct in that he incited, allowed, and/or conspired with the police and other administrative officials of the Sichuan province to bring about the violations and deprivations of the rights to life, liberty and security of person and peaceful assembly and association.

53.     As a result of defendant's acts, Haiyan He and her brother feared for Haiyan He's life. Haiyan He was herself deprived of her freedom and separated from her family who were separated from her. Haiyan He and her brother were forced to experience severe physical and psychological abuse and agony. As a result of the arbitrary detentions described above, plaintiff and his sister have been damaged in an amount to be proven at trial but which is in excess of $1,000,000.

54.     Defendant's acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $5,000,000 for plaintiff and next of kin.

## SEVENTH CLAIM FOR RELIEF

### (False Imprisonment)

55.     The allegations set forth in paragraphs 1 through 24 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

56.     The wrongful restraint, confinement and detention of Haiyan He against her will and without lawful privileges or reasonable cause, constituted kidnapping and false imprisonment, actionable under the laws of Illinois and constituted false imprisonment under the laws of the United States and the laws of the People's Republic of China.

57.     As a result of defendant's actions and inaction, Haiyan He and her brother were placed in great fear for his sister's life.  Haiyan He was deprived of her freedom. She was separated from her family and they were separated from her. All were forced to suffer severe physical and psychological abuse and agony.  As a result of their false imprisonment described above each plaintiff has been damaged in an amount to be proven at trial but which is in excess of $1,000.000.

58.     Defendant's acts were willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $1,000.000.

## EIGHTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

59.     All plaintiffs reallege and incorporate by reference the allegations set forth in paragraph 1 through 24 as if fully set forth herein.

60.     The forcible arbitrary detention, disappearance, and other acts of cruel, inhuman or degrading treatment constituted outrageous conduct in violation of all normal standards of decency and were without privilege or justification.

61.     Defendant's outrageous conduct herein constitutes the intentional inflection of emotional distress and is actionable under the laws of Illinois, the United States, and the People's Republic of China.

62.     As a result of defendant's actions and inaction, plaintiff and his sister were placed in great fear for their lives, were deprived of their freedom, were separated from their families and were forced to suffer severe physical and psychological abuse and agony.  As a result of the emotional distress described above plaintiff and his sister have been damaged in an amount to be proven at trial but which is in excess of $1,000.000.

63.     Defendant's acts were willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $1,000.000.

NINTH CLAIM FOR RELIEF

(Assault and Battery)

64.     The allegations set forth in paragraphs 1 through 24 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

65.     The treatment of plaintiff's sister constitutes assault and battery, actionable under the law of Illinois, the laws of the United States and the laws of the Republic of China.

66.     As a result of defendant's acts, plaintiff and next-of-kin were placed in great fear for their lives and suffered severe physical and psychological abuse and agony.  As a result of the assault and battery described above, each plaintiff has been damaged in the amount to be proven at trial but which is in excess of $2,000.000.

Defendant's acts were willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in the amount of at least $6,000,000. for each plaintiff.

-17-

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, individually, and on behalf of next-of-kin, pray for judgment against the defendant as follows:

    (a)      For compensatory damages according to proof;

    (b)      For punitive and exemplary damages according to proof;

    (c)      For reasonable attorneys' fees and costs of suit, according proof, and

    (d)      For such other and further relief as the court may deem just and proper.

A jury trial is demanded on all issues.

Dated August 27, 2001

                       Respectfully submitted,

                       HAIYING HE.

                       Haiying He
                       1575 Tremont Street
                       Apt. 608
                       Boston, Massachusetts 02120
                       (617) 738-8929

JS 44
(Rev. 12/96)

*Cat 2*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** *Haiping He on his own behalf and on behalf of (the estate of) his sister Haigan He*

**DEFENDANTS** *Zhou Yongkang*

**JUDGE MANNING**

**01C 663 8**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *United States*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *People's Republic of China*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE **MAGISTRATE JUDGE SCHENKIER** TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*Pro Se*

ATTORNEYS (IF KNOWN)

**DOCKETED**

**AUG 2 9 2001**

U.S. DISTRICT... 01 AUG 27 ... FILED

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
*TVPA, ATCA & federal subject matter*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party) *jurisdiction*
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*Torture Victim Protection Act, Pub. L. No. 102-256, 106 Stat. 78 (1992); Alien Tort Claims Act, 28 U.S.C. §1350; 28 U.S.C. §1331. Plaintiffs have been arbitrarily detained & subjected to cruel & inhuman treatment & torture. defendant in concert with & under the direction of others, in violation of customary international law & the laws of the U.S., Illinois, & China.*

**VII. REQUESTED IN COMPLAINT**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ *50,000,000*
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE *8/27/01*

SIGNATURE OF ATTORNEY OF RECORD *[signature] signs on behalf of Haiping He*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In the Matter of

# 01C 6638

DOCKETED

AUG 2 9 2001

Case Number: JUDGE MANNING
MAGISTRATE JUDGE SCHENKIE

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| (A) | | | | (B) | | | |
|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | SIGNATURE | | | |
| NAME *Haiying He* | | | | NAME | | | |
| FIRM *Pro Se* | | | | FIRM | | | |
| STREET ADDRESS *1575 Tremont St. #608* | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP *Boston, MA 02120* | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER *(617) 738-8929* | FAX NUMBER | | | TELEPHONE NUMBER | | FAX NUMBER | |
| E-MAIL ADDRESS | | | | E-MAIL ADDRESS | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |
| (C) | | | | (D) | | | |
| SIGNATURE | | | | SIGNATURE | | | |
| NAME | | | | NAME | | | |
| FIRM | | | | FIRM | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | |
| TELEPHONE NUMBER | FAX NUMBER | | | TELEPHONE NUMBER | | FAX NUMBER | |
| E-MAIL ADDRESS | | | | E-MAIL ADDRESS | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | | TRIAL ATTORNEY? | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | |